```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

LINC ACQUISITION ONE, LLC,   :
                             :
        Plaintiff,           :      NO. 1:03-CV-00565
                             :
                             :
    v.                       :      **OPINION AND ORDER**
                             :
                             :
MARK E. VALENTINE, et al.,   :
                             :
        Defendants.          :

This matter is before the Court on the Substituted Plaintiff's Motion for Summary Judgment (doc. 59), Defendant Stephanie Valentine's Response in Opposition (doc. 61), and Plaintiff's Reply (doc. 62). Also before the Court is Plaintiff's Renewed Motion for Default Judgment Against Defendant Chell.com/Air, Inc. (doc. 23), to which no response was filed.

**I.  Background**

This diversity action concerns the enforcement of personal guarantees made by Defendants in relation to transactions for the lease and acquisition of two corporate aircraft (doc. 1). Substituted Plaintiff LINC Acquistions One, LLC ("LINC"), a Delaware limited liability company, seeks to recover deficiency balances now owing on the aircraft by Defendant Chell.com/Air, Inc., formerly known as ChellAir Corp ("Chell.com"), a Delaware corporation, and to enforce the personal guarantees of Canadian

Defendants Cameron Chell, Mark Valentine, and Stephanie Valentine made in connection with the acquisition and lease of the aircraft by Chell.com (docs. 1 & 11). Plaintiff proffers the agreements that Chell.com executed: a November 22, 1999 Lease Agreement for a Cessna Citation aircraft ("Cessna Lease"); a February 4, 2000 Promissory Note for a Dassault Falcon 200 Airframe ("Falcon Note"); and a Security Agreement for the Dassault Falcon ("Falcon Mortgage") (doc. 1). In addition to the these agreements, Plaintiff further proffers a Guaranty Agreement executed by Cameron Chell for Chell.com's obligations under the Cessna Lease, and Guaranty Agreements executed by Mark and Stephanie Valentine for Chell.com's obligations under the Cessna Lease, the Falcon Note and the Falcon Mortgage (Id.). LINC has sold the two aircraft and has applied the proceeds to the debt, together with an insurance claim settlement with respect to the Falcon aircraft (doc. 59). As of August 10, 2005, the outstanding balance on the Falcon Note and Falcon Mortgage was $6,465,638.34, and the outstanding balance on the Cessna Lease was $1,193,508.10 (Id.).

On October 15, 2003, the original Plaintiffs in this matter moved pursuant to Fed. R. Civ. P. 55 for default judgment as to Defendants Chell.com and Cameron Chell (doc. 8). The Court denied such motion on January 28, 2004 and granted these Defendants until February 27, 2004 to respond to the Complaint (doc. 12). LINC renewed such motion as to Chell.com on July 2, 2004, after

Counsel filed appearances for Chell.com, but failed to file a responsive pleading (doc. 23).

On August 15, 2005, the Court granted the motions to withdraw as attorney by counsel for all Defendants, and ordered Defendants to instruct the Court within twenty days whether they intend to obtain new counsel or represent themselves pro se (doc. 60). Defendants filed no response. Also on August 15, 2005, LINC filed the present motion for summary judgment (doc. 59), to which only Defendant Stephanie Valentine responded (doc. 61). This matter is now ripe for the Court's consideration.

**II. The Summary Judgment Standard**

Although a grant of summary judgment is not a substitute for trial, it is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir.1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir.1992)(per curiam). In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that

3

one party must prevail as a matter of law." Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993), quoting in part Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)(internal quotation marks omitted).

The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and the non-movant are well settled. First, "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact[.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also LaPointe, 8 F.3d at 378; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. See Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence

4

of that material fact. See Celotex, 477 U.S. 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). As the "requirement [of the Rule] is that there be no genuine issue of material fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48 (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-40 (6th Cir. 1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th

5

Cir.1989)(internal quotation marks omitted).  In contrast, mere conclusory allegations are patently insufficient to defeat a motion for summary judgment.  See McDonald v. Union Camp Corp., 898 F .2d 1155, 1162 (6th Cir. 1990).  The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654 (1962).  Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the motion.  See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute.  See Matsushita, 475 U.S. at 587.  The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate. See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991).

**III. Analysis**

LINC argues in its motion that there are no genuine issues of material fact concerning the obligations of Chell.com, as guaranteed by the individual Defendants (doc. 59).  LINC indicates that the respective agreements contain Ohio choice of law provisions, and Ohio law requires that contracts be construed to

6

effectuate the intent of the parties (Id. citing Skivolocki v. East Ohio Gas Co., 38 Ohio St.2d 244, 313 N.E. 2d 374 (1974)). LINC indicates the obligations of the individual Defendants are clear and unambiguous as to their terms, such that all terms should be enforced (Id.). Consequently, LINC requests the Court grant it summary judgment on Count One, against Chell.com in the combined amount of the Cessna and Falcon indebtedness, on Count Two, against Cameron Chell in the amount of the Cessna indebtedness, on Count Three, against Mark Valentine in the combined amount of the Cessna and Falcon indebtedness, and on Count Four, against Stephanie Valentine in the amount of the Cessna and Falcon indebtedness (Id.). In addition, LINC argues it is entitled to attorneys' fees, costs and expenses incurred in its collection efforts and to post-judgment interest at the contract rate of eighteen percent per annum (Id.).

Stephanie Valentine responds that she did not sign a personal guaranty for either aircraft, but signed what she reasonably believed was documentation related to a credit card she was obtaining (doc. 61). Valentine argues she neither was party to either the Cessna Lease or Falcon Mortgage, nor did she speak to anyone at the bank about her personally guaranteeing the aircraft instruments (Id.). Stephanie Valentine argues the signature page she signed was not attached to a personal guaranty when she signed it, and such page makes no reference to a personal Guaranty (Id.).

7

Stephanie Valentine therefore argues there are genuine issues of material fact precluding the grant of summary judgment against her (Id.).

LINC replies that Defendants Chell.com, Cameron Chell, and Mark Valentine failed to file any opposition, and that summary judgment is warranted against each of them as a matter of law (Id.). As for Defendant Stephanie Valentine, LINC argues her factual assertions are not material and should not preclude summary judgment against her (Id.). Under controlling law, LINC contends, a party to a contract is bound by the terms of the executed instrument, without excuse for failing to inform oneself (Id. citing McAdams v. McAdams, 80 Ohio St. 232, 240-41, 88 N.E. 542, 544 (1909), and Haskins v. Prudential Ins. Co. of America, 230 F.3d 231, 239 (6th Cir. 2000)). Moreover, LINC proffers evidence that Stephanie Valentine was represented by counsel, Sherry Roth, an Ontario attorney who documented the Falcon loan transaction (Id.). Roth communicated with Plaintiff's counsel by correspondence, sent the signature pages, and represented that the guaranty documents were duly executed (Id.). LINC argues where it is uncontested the party signed the contract, and the transaction was handled through counsel, the contract should be enforceable (Id.). Finally, LINC indicates the signature page signed by Stephanie Valentine includes the words "IN WITNESS WHEREOF, the Guarantor has executed this instrument as of the day and year first written above"

8

(Id.)(emphasis added).

Having reviewed this matter, the Court finds the entry of default judgment appropriate against Defendant Chell.com.  Having failed to file any responsive pleading, judgment against this Defendant is proper.  Fed. R. Civ. P. 55.  The Court further finds no dispute as to material fact as to Mark Valentine or Cameron Chell.  Clearly Mr. Valentine and Cameron Chell, as well as Chell.com, for that matter, executed enforceable documents and agreed to the terms.  None have contested Plaintiff's motion for summary judgment, and Plaintiff is entitled to judgment against them as a matter of law.

As for Stephanie Valentine, the Court also finds summary judgment appropriate.  The Court does not find well-taken Ms. Valentine's argument that she did not know what she was signing. The signature page Valentine signed indicated she was a "Guarantor."  It is irrelevant whether Ms. Valentine was party to either the Cessna Lease or the Falcon Mortgage, or whether she spoke to anyone at the bank about serving as a Guarantor.  The fact of the matter is that she was represented by counsel who indicated to Plaintiff's counsel that Stephanie Valentine executed her Guaranty.  Under these circumstances the Court finds no excuse for Stephanie Valentine to have failed to inform herself of what she was signing.  Haskins v. Prudential Ins. Co. of America, 230 F.3d 231, 239 (6th Cir. 2000).

9

**IV. Conclusion**

Chell.com failed to file any responsive pleading in this matter, and thus Plaintiff's Motion for Default Judgment is well-taken.  Moreover, having found no dispute as to any material fact, the Court concludes Plaintiff LINC is entitled to summary judgment as a matter of law against all Defendants, each of whom executed enforceable agreements.  Accordingly, the Court GRANTS Plaintiff's Motion for Default Judgment Against Chell.com (doc. 23), and GRANTS Plaintiff's Motion for Summary Judgment (doc. 59).  Defendant Chell.com is liable for the combined amount of the Cessna and Falcon indebtedness in accordance with Count One; Defendant Cameron Chell is liable for the amount of the Cessna indebtedness in accordance with Count Two; Mark Valentine is liable for the combined amount of the Cessna and Falcon indebtedness in accordance with Count Three; and Stephanie Valentine is liable for the combined amount of the Cessna and Falcon indebtedness in accordance with Count Four.  The Court does not find the underlying agreements clear that 18% interest should accrue upon the outstanding balance of amounts owed, nor is the Court able to ascertain from the documents filed the reasonableness of the attorney's fees requested.  For this reason, the Court SCHEDULES on January 17, 2006 at 10:00 A.M., a hearing on the amount of damages owed by

Defendants, including the question of whether attorney's fees should be granted, and the merits of the justification therefore.

SO ORDERED.

Dated: October 20, 2005          s/S. Arthur Spiegel

                                             S. Arthur Spiegel
                                             United States Senior District Judge