UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LINC ACQUISITION ONE, LLC,　　：

　　　　　Plaintiff,　　：　　NO. 1:03-CV-00565

　　　　　　　　　　：

　v.　　　　　　：　　**OPINION AND ORDER**

　　　　　　　　　　：

MARK E. VALENTINE, et al.,　　：

　　　　　Defendants.　　：


This matter is before the Court on Defendant Stephanie Valentine's Motion to Stay Execution of Judgment Pending Appeal and Memorandum in Support (doc. 86), Substituted Plaintiff's Memorandum in Opposition (doc. 89), and Defendant Valentine's Reply (doc. 90). For the reasons indicated herein, the Court DENIES Defendant's Motion, and ORDERS Defendant Stephanie Valentine to post supersedeas bond consistent with Fed. R. Civ. P. 62(d) should she seek to stay execution of the Court's June 23, 2006 Order pending her appeal.

Defendant, citing Arban v. West Pub. Corp., 345 F.3d 390 (6th Cir. 2003), argues that the Court may issue a stay of execution without requiring the posting of a supersedeas bond (doc. 86). Defendant argues she should qualify for such a stay because in her view she has a likely chance of success on the merits, because she will be irreparably harmed should Substituted Plaintiff be permitted to execute on the judgment, because a stay would not

injure other interested parties, and because a stay would not affect the public interest (Id. citing In re: Simplified Employment Serv. Inc. v. Benefit Serv. Inc., No. 06-10451, 2006 U.S. Dist. LEXIS 35878 (E.D. Mich., May 22, 2006)("In making a decision on an application for a stay, courts should consider four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably harmed absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies")(internal quotations omitted).

Substituted Plaintiff LINC Acquisition One ("LINC") responds that Defendant Stephanie Valentine's Motion should be denied, as the plain language of Fed. R. Civ. P 62(d) requires the posting of supersedeas bond so as to stay execution of judgment pending appeal (doc. 89). Moreover, LINC argues that Defendant Stephanie Valentine has already taken actions to move or encumber her assets such that LINC might not be able to collect its judgment upon disposition of the appeal (Id.). Although LINC acknowledges Arban v. West Pub. Corp, 345 F.3d 390, 409 (6th Cir. 2003) stands for the proposition that the Court has the discretion to stay execution without requiring Defendant to post a supersedeas bond, LINC argues such discretion should only be exercised upon a clear showing that Defendant has adequate resources or assets to satisfy

2

judgment following disposition of the appeal (Id.).   Defendant Stephanie Valentine, argues LINC, has made no such showing (Id.).

Finally, LINC argues that Defendant has a low chance of success on the merits of her appeal, and that requiring her to post supersedeas bond will not irreparably harm her (Id.).   Rather, argues LINC, a failure to require posting of bond will potentially irreparably harm LINC's interests, as Defendant might put all of her assets out of reach thus rendering ineffectual any affirmation of the judgment by the Sixth Circuit(Id.).   LINC argues for this same reason, it would be against the public interest to stay execution of judgment without requiring Defendant to post bond (Id.).

Defendant responds that she does not have assets in an amount sufficient to post a supersedeas bond, but that a stay is warranted, consistent with the factors articulated in In re: Simplified Employment Serv. Inc., 2006 U.S. Dist. LEXIS 35878 (E.D. Mich., May 22, 2006), because she is being forced to defend against efforts to seize upon her assets, including her home, and in so doing is incurring substantial legal expenses which constitute irreparable harm (doc. 90).  Defendant argues that LINC would not be irreparably harmed by a grant of the stay, because it can always execute the judgment against the other Defendants in the case, Chell.com, Cameron Chell, and Mark Valentine (Id.).   Defendant Stephanie Valentine argues that her actions in relation to her

3

assets have not been improper, and that she has acted through proper court procedures, including filing the Notice of Appeal and the instant motion (Id.).

Having reviewed this matter, the Court finds the Sixth Circuit's decision in Arban v. West Pub. Corp., 345 F.3d 390 (6th Cir. 2003) highly instructive. The Arban court stated that "Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." Id. at 409. As such, should Defendant Valentine file a satisfactory supersedeas bond, consistent with Arban and Rule 62(d), the Court must stay the judgment. However, in this case, Defendant Valentine seeks more. She seeks a stay without filing supersedeas bond. Arban indicates that a stay may be granted within the Court's discretion, but in so doing, the court took into account the ability of the defendant to show it had adequate resources to satisfy the bond. 345 F.3d 390, 409. As such, the Court finds well-taken LINC's argument that under the circumstances presented in this case, Defendant can only avoid the bond requirement by showing she has adequate resources to satisfy judgment following disposition of the appeal. In this instance, Defendant Valentine has not made such a showing, indeed, to the contrary, she claims she has inadequate assets. Under these circumstances, and taking into account the respective interests of the parties, the burden on LINC to enforce its judgment in a foreign jurisdiction, and the risk that its interests could be

irreparably harmed, the Court finds it inappropriate to stay execution of this matter absent the filing of a satisfactory supersedeas bond.   Accordingly, the Court DENIES Defendant Stephanie Valentine's Motion To Stay Execution of Judgment Pending Appeal (doc. 86), and ORDERS Defendant Stephanie Valentine to post supersedeas bond equal to the amount of judgment, interest, and costs, consistent with Fed. R. Civ. P. 62(d), should she seek to stay execution of the Court's June 23, 2006 Order.


        SO ORDERED.

Dated: September 7, 2006        s/S. Arthur Spiegel

                                S. Arthur Spiegel
                                United States Senior District Judge